**Warren BURTON, Plaintiff in Error,**

v.

**HOME INDEMNITY COMPANY, Defendant in Error.**

No. 6474.

Court of Civil Appeals of Texas, El Paso.

Dec. 3, 1975.

Rehearing Denied Dec. 31, 1975.

Michael McLeaish, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Connell Ashley, Ray Stoker, Fred M. "Mickey" Jones, Odessa, for appellee.

## OPINION

WARD, Justice.

This is an appeal by Petition for Writ of Error. Warren Burton sued in the District Court of Ector County to set aside a Compromise Settlement Agreement entered in his Workmen's Compensation claim, and the carrier was granted a final judgment on its Motion for Summary Judgment. The carrier presents a motion to dismiss this appeal based on the prohibition contained in Art. 2249a, Tex.Rev.Civ.Stat.Ann., which forbids appeal by writ of error to one who participates in the hearing in open court in the trial that leads to the final judgment. The motion to dismiss is granted and the Petition for Writ of Error is dismissed.

Warren Burton sustained an accidental injury on October 22, 1968. A Compromise Settlement Agreement was signed by the workman and the carrier on November 27, 1968, and approved by the Industrial Accident Board on December 30, 1968. The workman filed the present lawsuit in June, 1973, and in his first amended original petition alleged that the Compromise Settlement Agreement should be set aside on the ground of fraud. The carrier answered, and then moved for summary judgment on the bar of the two-year statute of limitations. The summary judgment proof consisted of the deposition of the workman and of a representative of the carrier, the records on file regarding the Workmen's Compensation claim, and an affidavit by Warren Burton filed as "Plaintiff's Answer in Response to Defendant's Motion for Summary Judgment." The final judgment entered in the summary judgment proceeding in favor of the carrier recites that the summary judgment "Motion has been made in proper time and form, that proper service thereof has been made and that the parties are before the Court for a hearing thereon; * * *."

The extent to which a non-movant defendant participated in a summary judgment proceeding was considered in *Thacker v. Thacker*, 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd). There the non-movant elected to absent herself from the summary judgment hearing. It was reasoned that since all prerequisite party and counsel participation was required to be taken and had been taken prior to the hearing day, no participation was required at the hearing in open court at which the summary judgment was rendered. The wording of the Summary Judgment Rule 166–A, Subsection (c), Tex.R.Civ.P., controlled the decision of the court, and it held that the non-movant participated as a party and as an attorney "in the actual trial of the case in the trial court," under the purview of Art. 2249a, Tex.Rev.Civ.Stat.Ann., to such a degree that she could not appeal by writ of error.

Here the non-movant in the summary judgment proceeding was the plaintiff. He participated in the hearing as shown in the judgment of the trial Court. His deposition was taken and was submitted, and he then filed his affidavit as his answer to the motion. He appeared to an extent that he is now disqualified to appeal by this proceeding. The statute denying the right to use the petition for writ of error to a party who appeared in the trial is mandatory, jurisdictional and cannot be waived. *Nutter v. Phares*, 523 S.W.2d 292 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

The carrier's motion to dismiss for want of jurisdiction is granted. The Petition for Writ of Error is dismissed.