Frank STIVER, Appellant,

v.

TEXAS INSTRUMENTS, INC., Appellee.

No. 17884.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1981.

Rehearing Denied March 12, 1981.

Richard P. Greenberg, Houston, for appellant.

Lawrence J. McNamara, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

Frank Stiver, plaintiff in the trial court, appeals by a writ of error from a summary judgment granted to Texas Instruments, Inc., the defendant in the trial court. The judgment is reversed and the cause is remanded.

Mr. Stiver filed suit against Texas Instruments on September 19, 1978. In this suit he alleged that he was entitled to recover damages resulting from the wrongful termination of his employment by Texas Instruments on October 19, 1976. The petition alleged that the termination was in a "summary manner totally without regard to the civil as well as the contractual rights inherently owed" him. He alleged damages to his reputation and ability to continue similar work, as well as mental anguish.

On November 28, 1978, Texas Instruments answered with a general denial and affirmatively plead that the plaintiff's cause of action was barred by the Statute of Frauds, Tex.Bus. & Comm. Code Ann. § 26.01 (Vernon 1968). On December 17, 1979, Texas Instruments filed a motion for a summary judgment. The motion alleged that, as a matter of law, Texas Instruments was entitled to judgment and also that the facts plaintiff alleged in his petition failed to state a cause of action. Attached to the motion was a certificate of service, and affidavit signed by Texas Instruments' attorney of record and an exhibit. The affidavit states that the document attached to the motion for summary judgment as exhibit I is a true and correct copy, and it is the only written agreement entered into by plaintiff and defendant. The document referred to is entitled "Assignment of Inventions and Company Information Agreement." Within this instrument is a provision stating that the agreement should not be construed so as to impair the right of either party to terminate employment. The record reflects that another affidavit was

filed and extensive discovery had been completed.

The docket sheet reveals a notation dated January 7, 1980, that the motion for summary judgment was granted. Another notation shows that the summary judgment was signed and entered on February 7, 1980. The judgment recites an appearance by the defendant through its attorney of record and contains an order granting the motion for summary judgment.

Before reaching the merits of this appeal we must consider Texas Instruments' first counterpoint which asserts that this court lacks jurisdiction over the petition of a writ of error because Mr. Stiver participated in the actual trial of the case in the trial court to such a degree as to run afoul of Article 2249a, Tex.Rev.Civ.Stat.Ann. (1971), providing: "No party who participated either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

In his brief appellant states:

After the taking of depositions and other discovery, Texas Instruments, Inc., filed a motion for summary judgment. Notice of said motion was sent to Mr. Stiver's attorney of record, Mr. Regis Toomey . . . and he did not make any response to defendant's motion nor did he or anyone else make any appearance on behalf of Mr. Stiver at the hearing on defendant's motion for summary judgment.

Article 2249a, V.A.C.S., authorizes an appeal by writ of error to the Court of Civil Appeals from a final judgment of the district court in civil cases. An appeal by writ of error is a direct attack on a judgment. If appellant did not actually participate in the trial he is entitled to a full review of the whole case. *Fitz v. Toungate*, 419 S.W.2d 708 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.). The invalidity of the judgment must be disclosed by the record in the cause. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.*, 514 S.W.2d 247 (Tex.1974); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976).

The question of what constitutes participation in the trial of a case which is terminated by a summary judgment was carefully considered by the court in the case of *Thacker v. Thacker*, 496 S.W.2d 201 (Tex. Civ.App.—Amarillo 1973, writ dism'd). In that case the court stated:

The extent of participation in the actual trial that disqualifies an appellant under art. 2249a, V.A.C.S., from review by means of a writ of error appears to be one of degree. Writ of error review is not denied by participation limited to the mere filing of an answer . . . nor to the filing of a motion for new trial . . . ; but, review by writ of error is denied to one who participates in the actual trial that leads to a final judgment . . . or to one who excepts in open court to the judgment (citations omitted).

*Thacker*, supra, at 203.

The Supreme Court explained the rational underlying art. 2249a, V.A.C.S., in *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097–1098, (1941), in these words:

The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial. . . . The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal.

In *Thacker v. Thacker*, supra, it was undisputed that all prerequisite party and counsel participation preparatory to the hearing set on the motion for summary judgment had occurred prior to the hearing date. The appellant had filed an answer to the motion for summary judgment and had elected to absent herself from the hearing without a request for continuance. The appellant was adjudged chargeable with notice of the court's action taken at the hear-

ing. The court held that the appellant should reasonably have used the more speedy method of appeal and had sufficiently participated as a party in the actual trial of the case in the trial court within the purview of art. 2249a, V.A.C.S. The appellee's motion to dismiss for want of appellate jurisdiction was granted.

*Thacker v. Thacker* was followed by the court in *Burton v. Home Indemnity Company,* 531 S.W.2d 665 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.). Here the non-movant in the summary judgment proceeding was the plaintiff. The summary judgment recited:

Motion has been made in proper time and form, that proper service thereof has been made and that the parties are before the court for a hearing thereon; . . .

The *Burton* court stated:

He (the plaintiff) participated in the hearing as shown in the judgment of the trial Court. His deposition was taken and was submitted, and he then filed his affidavit as his answer to the motion. He appeared to an extent that he is now disqualified to appeal by this proceeding. The statute denying the right to use the petition for writ of error to a party who appeared in the trial is mandatory, jurisdictional and cannot be waived. *Nutter v. Phares,* 523 S.W.2d 292 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

*Burton,* supra, at 667.

Mr. Stiver did not participate in the trial of this case to the extent that the petitioners in the two cases above discussed did. He filed no answer to the motion for summary judgment. While an affidavit of service was attached to the motion, no order setting a date for the hearing was attached. The trial court's docket sheet shows that the case was set for trial on the merits on January 14, 1980, but does not show a date for the hearing of the motion. The motion for summary judgment was granted on January 7, 1980, but the judgment was not signed until February 7, 1980.

The motion for summary judgment quotes from the plaintiff's deposition. The plaintiff's brief recites the completion of depositions and other discovery, none of which was found in the transcript before this court. This court, on its own motion as authorized by Rule 428, Tex.R.Civ.P., has ordered a supplemental transcript to be filed because a question of jurisdiction was raised.

■ The facts of this case take it out of the rule followed in *Thacker* and *Burton.* Here Stiver filed no answer to the motion. Apparently he did not know the date set for the hearing. Rule 166–A(c), Tex.R.Civ.P., authorizes the respondent to file an answer and affidavits in opposition until seven days before the date set for the hearing, and thereafter with leave of court. The record does not reflect the date when Stiver learned that the judgment had been granted. Stiver did not participate in the trial to such an extent as to bar an appeal by writ of error.

Stiver asserts that the judgment must be reversed because the affidavit in support of the motion was insufficient. This point is without merit. Mr. Stiver did not bring up the entire record. If the affidavit referred to is insufficient, the judgment is presumed to be fully supported by evidence found in the depositions. For the same reason Stiver's second point fails to present error requiring reversal. In the absence of a complete record we cannot say that the judgment is based upon testimony and evidence subject to contradictory conclusions. This is the rule applied in an appeal after a trial on the merits. *McElyea v. Parker,* 125 Tex. 225, 81 S.W.2d 649 (1935). There is no reason why the same principle should not apply here. See, *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317 (1961).

The third point of error complained that the court erred in granting a summary judgment based on the plaintiff's failure to state a cause of action.

The non-movant made no answer or response to a motion for summary judgment in order to urge an appeal that the movant's proof was insufficient to establish as a matter of law the *specific grounds* relied on by the movant. *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502 (Tex.1979).

The moving party has the burden of expressly setting out in his motion the issues on which he seeks a summary judgment. In *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), the court said:

> Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. The appellate court which must later decide whether the issue was actually presented to and considered by the trial judge will then be able to examine the transcript and make its determination....

The only reason Texas Instruments relied on in its motion for summary judgment was that the plaintiff failed to state a cause of action. The allegation that Texas Instruments was entitled to a judgment as a matter of law was not such a "reason" as was contemplated by the Supreme Court when it promulgated Rule 166–A(c), Tex.R. Civ.P. It is an issue in all summary judgment cases in the sense that the undisputed facts must establish that as a matter of law the movant is entitled to judgment.

 It is proper to grant a summary judgment where the plaintiff pleads facts which affirmatively negate his cause of action. The fact that he merely fails to state a cause of action does not authorize a summary judgment. Only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex. 1974).

Texas Instruments insists that Stiver was employed under an oral contract and therefore can state no cause of action for wrongful discharge. The plaintiff's petition does not disclose this state of facts. The issue, was not expressly set out as a ground for the granting of the summary judgment.

The record in this case shows on its face that the judgment was based on the failure of the plaintiff's petition to state a cause of action. The petition does not reveal on its face this failure. The motion does not rely on summary judgment evidence establishing that the plaintiff's cause of action had no merit. Error is shown on the face of the record.

The judgment is reversed and the cause remanded to the trial court.