RIDGELINE, INC., Petitioner,

v.

CROW–GOTTESMAN–SHAFER #1, et al., Respondents.

No. 3–86–103–CV.

Court of Appeals of Texas, Austin.

June 24, 1987.

David M. Ward, Austin, for petitioner.

Michael Deitch, Austin, for respondents.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Petitioner, Ridgeline, Inc., seeks review by way of writ of error of a summary judgment rendered by the district court of Travis County. Respondents are Crow-Gottesman-Shafer #1 and others. This Court will reverse the summary judgment.

Ridgeline is a corporation owning a number of hamburger restaurants. Respondents are the owners of the Colonnade Shopping Center located in Austin. In June 1983, the parties entered into a lease agreement in which Ridgeline leased space in the Colonnade Shopping Center for the operation of a restaurant. The lease contained a clause governing assignment of the lease which provided:

> Tenant shall not assign or in any manner transfer this lease ... without the prior written consent of landlord ... *which will not be unreasonably withheld.* (Emphasis supplied).

Ridgeline suspended its restaurant operation shortly after opening due to unrelated litigation. Immediately thereafter, Ridgeline undertook a search for an assignee of its rights under the lease. Ridgeline pleaded that it located a prospective assignee who proposed to operate "*a restaurant and bar featuring dance music*" on the leasehold premises. The respondents, however, refused to consent to the assignment of the lease.

Ridgeline then sued respondents claiming that respondents unreasonably withheld consent to the proposed assignment of the lease to its damage in the sum of $100,000.00. Ridgeline claimed further that respondents' representation in the lease that they would not unreasonably withhold their consent to the assignment of the lease constituted "a false, deceptive, and misleading act or practice" under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.50, *et seq.* (Supp.1987).

Respondents answered asserting, in part, that Ridgeline's prospective assignee of the lease intended to operate a "*nightclub.*"

Respondents filed a motion for summary judgment to which Ridgeline filed no response. After hearing, at which Ridgeline made no appearance, the district court rendered summary judgment for respondents. In the summary judgment, the district court concludes that:

(1) no genuine issue existed as to any material fact

(2) "Movants reasonably withheld their consent to the assignment."

(3) "Respondents' cause of action under the Deceptive Trade Practices Act ... is groundless and brought in bad faith."

Pursuant to the third conclusion, the district court awarded attorney's fees to respondents.

■ Respondents seek a dismissal of the writ of error claiming that Ridgeline participated in the "actual trial of the case." Tex.R.App.P.Ann. 45(b) (Supp.1987). The contention is without merit. Ridgeline neither filed a response to the motion for summary judgment nor appeared at the summary judgment hearing. Contrary to respondents' argument, Ridgeline did not participate in the "actual trial of the case" within the meaning of Rule 45(b) by filing its petition or by permitting the deposition of one of its officers. *Stiver v. Texas Instruments, Inc.*, 615 S.W.2d 839 (Tex. Civ.App.1981, writ ref'd n.r.e.); *Chandler v. Escobar*, 604 S.W.2d 524 (Tex.Civ.App. 1980, no writ); *see Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941).[1]

■ Ridgeline complains in general that the district court erred in rendering summary judgment for respondents. We sustain the point. The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If the defendant's summary judgment proof does not meet this standard, then the plaintiff does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

■ On summary judgment, reference is made to the parties' pleadings to determine the nature of the parties' cause of action and defenses. *Smith v. Ortman-McCain Co.*, 537 S.W.2d 515 (Tex.Civ.App.1976, writ ref'd n.r.e.). Ridgeline, plaintiff,

pleaded that respondents unreasonably withheld consent to the assignment of the lease. In that connection, Ridgeline pleaded that the prospective assignee proposed to operate on the premises "a restaurant and bar featuring dance music." Respondents, to the contrary, pleaded that the prospective assignee proposed to operate a "nightclub."

It was respondents' burden to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of Ridgeline's cause of action. *Gibbs v. General Motors Corporation, supra*. Accordingly, respondents were required to establish as a matter of law the converse of Ridgeline's assertion that it was unreasonable to withhold consent for the assignment of the leasehold to be used as a "restaurant and bar featuring dance music."

The summary judgment must fall for the reason that respondents filed *no* summary judgment proof addressing whether respondents unreasonably withheld consent for assignment of the leasehold premises for use as a "restaurant and bar featuring dance music." Instead, respondents' summary judgment proof only addresses a premise not asserted in Ridgeline's cause of action—that it was not unreasonable to withhold consent to the assignment of the lease for use of the premises as a "nightclub."

■ The summary judgment fails for the additional reason that, except in extraordinary circumstances, inquiry as to reasonable conduct is a question of fact which precludes summary judgment. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452 (Tex.1972); *Easter v. Mutual of Omaha Insurance Co.*, 535 S.W.2d 700 (Tex. Civ.App.1976, no writ). This is so even though the summary judgment proof relating to reasonableness is uncontroverted. *Purnell v. Guaranty Bank*, 624 S.W.2d 357 (Tex.App.1981, writ ref'd n.r.e.). A fact issue is presented when conflicting

---

**1.** Respondents' reliance on *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.1973, writ dism'd) and *Burton v. Home Indemnity Company,* 531 S.W.2d 665 (Tex.Civ.App.1975, writ ref'd n.r.e.) is misplaced. In *Thacker* and in *Burton,* unlike the writ of error under consideration, the petitioner did file a response to the motion for summary judgment.

inferences may be drawn from uncontroverted summary judgment proof. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.1982, writ ref'd n.r.e.). Although this Court has discovered no opinion with facts similar to those in this appeal, we perceive of no reason why the matter of the reasonableness of withholding consent to a lease assignment should receive any different treatment.

The summary judgment is reversed and the cause is remanded to the district court.