Issued June 21, 2007














 

 

 

Issued June 21, 2007

 

 

 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00871-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LARRY BERGER, CARL J. KOLB 

and CARL J. KOLB, P.C., Appellants

 

V.

 

HOWARD R. KING, HILL, ANGEL & 

KING, L.L.P. and SAM LEE, III, Appellees

 

 



On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 25191

 








 

 



MEMORANDUM OPINION

 

 

 Both the plaintiff, Larry Berger,
and his attorney, Carl J. Kolb, bring a restricted appeal in this legal
malpractice case.  Berger contends that the trial court erred in granting
summary judgment in favor of his former attorney, Howard King, and King’s law
firm.  Kolb complains of the trial court’s order sanctioning him for bringing
unsupported claims against Samuel Lee for the purpose of harassment.  
Concluding that neither Berger nor Kolb has demonstrated that their claims are
entitled to direct review by restricted appeal, or that the trial court had any
jurisdictional impediment to sanction Kolb, we affirm. 

Background

 

This suit follows after Larry
Berger’s earlier personal injury suit in the 23rd District Court of Brazoria County, which he settled following a December 2000 fairness hearing.  Two
years later, Berger sued his personal injury lawyer, Howard King, the law firm
of Hill, Angel & King, LLP (collectively, “King”); his former wife Lola
Berger; two members of her family, T.L. and Nona Whitley; and Sam Lee, a
court-appointed guardian ad litem for Berger in the personal injury suit, in
Uvalde County District Court. 

Lee, a Brazoria County resident, and King, a Harris County resident, objected to venue in Uvalde County and sought transfer of their claims. The Uvalde trial court severed the claims against
Lee and King into a separate action—the trial court cause in this case—and ordered
it transferred to the 23rd District Court of Brazoria County.  Before the
transfer occurred, Berger nonsuited his claims against Lee and moved the Uvalde
court to reconsider its venue and severance order.   The Uvalde court denied
the motion to reconsider in July 2003 and sent the severed action to the Brazoria
court, but signed the order granting Berger’s nonsuit of Lee.  

  In July 2004, a year after the
transfer, Lee moved for sanctions against Berger and Carl Kolb, Berger’s
attorney, alleging violations of section 10.001 of the Texas Civil Practice and
Remedies Code.  Both Berger and Kolb attended the August 2006 hearing on the
motion.  After the hearing, all parties had the opportunity to supplement their
briefing on contested issues, including jurisdiction.  The trial court denied
Berger and Kolb’s plea to the jurisdiction on August 26, 2004.

In August 2005, during a quiescent
period in the litigation, Kolb moved his office and duly sent a notice of
change of address to the court and the parties.  On December 15, 2005, King
filed and served a motion for summary judgment against Berger’s claims.  The
certificate of service, however, showed that King mistakenly sent the motion to
Kolb at his former address.  On December 30, 2005, King prepared an amended
notice of submission stating that the court would consider the motion on
February 27, 2006.[1]  Although the body of the
notice incorrectly addresses Kolb at his former office location, the
certificate of service accompanying the notice specifies that Kolb was served by
fax at the correct telefax number and also contains his correct address.

By the end of January 2006, neither
the court nor King had received a response to the motion.  Concerned that Kolb
had not received the motion because of King’s mistake in sending the service
copy to Kolb’s former address, the trial court sent King’s counsel a copy of
Kolb’s August 2005 notice of change of address along with a request that he
provide proof that Kolb received the motion.[2] The bottom of the letter reflects
that the court copied Kolb on this communication.[3]


A few days later, King’s attorney
provided the court with copies of the signed green return receipt showing
delivery of the motion to the correct address.  The court did not specifically
request, and King did not provide, any evidence that Kolb had received the
amended notice of submission.  

 The trial court waited to rule on
the summary judgment motion, but by March 15, 2006, Kolb still had not filed a
response on behalf of Berger.  On that date, the trial court signed two orders,
one granting King’s motion for summary judgment against Berger and the other
granting Lee’s motion for sanctions against Kolb.  On April 3, the trial court issued
a notice of intent to dismiss the cause for want of prosecution.  Kolb promptly
responded by letter, informing the court that he had yet to receive notice of a
submission date for King’s motion for summary judgment and asked for information
concerning its status.  On April 26, 2006, the court clerk sent notice to Kolb
of the summary judgment order signed on March 15. 

Kolb did not move to extend the
postjudgment deadlines or seek any other postjudgment relief in the trial court
either for himself or his client.  On September 15, 2006, Kolb and Berger
noticed this restricted appeal.[4]  

Discussion

Finality
of the judgment

 

As a threshold issue, Kolb and Berger
question the finality of the March 15, 2006 orders.  The fact that the court
signed a separate order on the sanctions issue does not affect finality.  A
motion for sanctions “is not a pleading that frames issues which must be
resolved in a final judgment.”  Jobe v. Lapidus, 874 S.W.2d 764, 766
(Tex. App.—Dallas 1994, writ denied).  Even without addressing the sanctions
issue, the summary judgment disposed of all parties and all issues in the
pleadings, making it a final judgment.[5]  See Lane Bank Equip.
Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 312 (Tex. 2000) (noting that “a
judgment does not have to resolve pending sanctions issues to be final”); Martin v. Texas Dept. of Family and Protective Servs., 176 S.W.3d 390, 393
(Tex. App.—Houston [1st Dist.] 2004, no pet.)
(same); see also Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985) (observing
that judgment is generally considered to be final when it disposes of all
parties and issues in case, even when some incidental or dependent matter may
still remain to be settled).  Kolb’s right to appeal the sanction order also
accrued when the trial court rendered the summary judgment disposing of all
parties and all issues before it.  See Felderhoff v. Knauf, 819 S.W.2d
110, 111 (Tex. 1991).  Accordingly, the issue of finality does not present any
obstacle to this appeal.  

Requirements
for a restricted appeal

 

Kolb and Berger have
opted to seek appellate review of the rulings below in the form of a restricted
appeal.  A restricted appeal is a procedural device available that enables a party to
bring a direct appeal under certain, narrowly drawn circumstances when the
party is unable to meet normal appellate timetables.  See Tex. R. App. P. 30.  A direct attack on
a judgment by restricted appeal must (1) be brought within six months after the
trial court signs the judgment (2) by a party to the suit (3) who did not
participate in the actual trial, and (4) the error complained of must be
apparent from the face of the record.  Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Barry v. Barry, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  

The face of the record includes all
papers on file in the appeal, including the clerk’s record and any reporter’s
record.  Roventini v. Ocular Scis., Inc., 111 S.W.3d 719, 721-22 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  We may not consider evidence or documents
that were not before the trial court when it rendered judgment.  Alexander,
134 S.W.3d at 848-49; Roventini, 111 S.W.3d at 722.  

Restricted appeal of summary
judgment disposing of Berger’s claims

The parties apparently
agree that Berger meets the first three criteria required for a restricted
appeal.  See Stiver
v. Tex. Instruments, Inc., 615 S.W.2d 839, 842 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ
ref'd n.r.e.) (holding that party met nonparticipation requirement for
restricted appeal of summary judgment where he filed no response to motion for
summary judgment).  They focus their dispute on whether error appears on the face of
the record.  

Our decision in Stiver is
instructive on this issue.  As in this case, the record in Stiver contained
a certificate of service attached to the summary judgment motion, and the
parties did not dispute that Stiver received the motion.  See id. at
842.  This Court concluded, however, that Stiver was entitled to bring a
restricted appeal because the motion was not accompanied by an order setting a
date for the hearing, nor did the record contain any separate notice of the
hearing date with a certificate of service.[6]  Id.; see also Chow
v. Dole, 677 S.W.2d 220, 221 (Tex. App.—Houston [1st Dist.] 1984, no writ)
(record did not show that appellants received actual notice of trial setting or
that notice was attempted as provided by Texas Rule of Civil Procedure 21a,
requiring reversal of default judgment and remand for new trial). 

  In contrast to the record in Stiver,
the record in this case contains a notice timely informing Berger of the
summary judgment submission date and certifying service on Berger’s attorney by
fax to the correct number.  When a party certifies
that its notice of submission was properly served on a party by telephonic
transfer to the correct number, a rebuttable presumption arises that the notice
was properly received by the addressee.  See Tex. R. Civ. P. 21a; Thomas v. Ray, 889 S.W.2d 237, 238
(Tex. 1994).  

Berger contends that the
amended notice of hearing does not warrant this presumption because of the
discrepancy between the notice, which contains his former address, and the
certificate of service, which contains his current address as well as his fax
number.  The certificate of service, however, unequivocally shows King served
the notice by fax to the correct number, making the difference in physical
address immaterial.  Accordingly, the certificate of service constitutes prima
facie evidence of proper receipt.  

Berger could have availed
himself of the opportunity to rebut the presumption of receipt by making an offer of proof of
nonreceipt with a request for relief in the trial court following notice of the
judgment.  See Thomas, 889 S.W.2d at 238.  He might have used it to seek an
extension of the appellate deadlines so that he could move for new trial, and,
if unsuccessful, file a timely direct appeal without the limitations of a restricted
appeal.  Compare Tex. R. App. P.
30 with Tex. R. Civ. P. 306a(4)
and Tex. R. App. P. 4.2. 
He may also present proof of nonreceipt to the trial court in a bill of
review.  See Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999).  He has not
done any of these things.

When the trial court
signed the judgment, it did not have any evidence before it to the counter the
presumption of receipt.  The unrebutted presumption thus supports notice to
Berger of the hearing.  See Thomas, 889 S.W.2d at 238.  We therefore
hold that the lack of
notice alleged by Berger is not apparent from the face of the record. 
Consequently, we are precluded from reviewing the merit of his restricted appeal. 


Restricted appeal of sanctions order
against attorney Kolb

The record reveals that Kolb fully
participated in the sanctions proceedings, including providing a written
response to the motion for sanctions, presenting argument and evidence at a
hearing, and briefing additional issues for the trial court following the
hearing.  His participation in those proceedings prevents him from meeting the
requirements for a restricted appeal, and thus bars us from reviewing the
merits of Kolb’s direct attack on the sanctions award.  See Stiver, 615
S.W.2d at 842.  

We may nevertheless consider Kolb’s
contention that the trial court lacked jurisdiction to rule on Lee’s motion for
sanctions.  A complaint that the trial court did not have the authority to
issue the sanctions order constitutes a collateral attack.  See Glunz v.
Hernandez, 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ denied)
(explaining that collateral attacks are not bound by any procedure or statute
of limitations and are available only to set aside void judgment or one which
involved fundamental error).  

The trial court’s post-nonsuit
power to sanction depends on whether it had
plenary power when it signed the sanctions order.  See Scott & White
Mem’l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996); In re T.G.,
68 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); see
also State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (holding that orders issued after plenary power expires
are void for lack of subject matter jurisdiction).  Kolb contends that the
court lost its plenary power over Lee thirty days after it signed the order of
nonsuit in the severed cause, that is, no later than August 21, 2003. 
Accordingly, Kolb urges, the trial court lacked jurisdiction to rule on Lee’s
April 29, 2004 motion for sanctions.  

We disagree.  Neither Kolb nor any
other party moved to sever the claims against Lee from the rest of the case,
making the order of nonsuit interlocutory until the court had disposed of all
claims and all parties to the proceeding.  “While it is true that a party’s
right to a nonsuit may exist from the moment a written motion
is filed, it is not true that the appellate timetables begin to run—until
a final judgment is signed disposing of
all parties and all issues in the lawsuit.”  Avmanco, Inc. v. City of
Grand Prairie, 835 S.W.2d 160, 163 (Tex. App.—Fort Worth 1992, pet. dism’d)
(emphasis in original); see also Tex.
R. Civ. P. 301 (“Only one final judgment shall be rendered in any cause
except where it is otherwise specially provided by law.”); H.B. Zachry Co.
v. Thibodeaux, 364 S.W.2d 192, 193 (Tex. 1963) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating final and appealable judgment); Kansas
Univ. Endowment Ass’n v. King, 162 Tex. 599, 611 350 S.W.2d 11, 19 (1961) (“[T]here
is only one final judgment which is entered after all claims and issues
involved in the suit have been tried.”).

The Supreme Court’s decision in Schexnider
also requires us to reject Kolb’s contention.  In that case, the
plaintiffs filed a medical malpractice suit against thirty-one doctor
defendants, among others.  940 S.W.2d at 595.  When the doctors moved for
summary judgment, the plaintiffs nonsuited all but two before the court ruled
on their motions.  Id.  After the court granted a final summary judgment
in favor of the remaining defendants, all of the defendants—including those who
had been nonsuited—moved for sanctions against the plaintiffs under Rule 13 of
the Texas Rules of Civil Procedure.  Id.  While the trial court retained
plenary jurisdiction, it held an evidentiary hearing and ruled on the motion,
ordering the plaintiffs’ attorney to pay $25,000 in sanctions to the nonsuited
defendants.  Id.  The Court upheld the sanctions order on
jurisdictional grounds, holding that a trial court acting
within its plenary jurisdiction has the authority to impose sanctions even when
a motion for sanctions is filed after the nonsuit.  Id. at 596–97; see In re Bennett, 960 S.W.2d 35, 39–40 (Tex. 1997).[7] 


The trial court did not enter a final
judgment until March 15, 2006, when it signed the summary judgment order
dismissing Berger’s claims against King.  The court undeniably had plenary
jurisdiction when it signed the sanctions order on that same date.  The trial
court therefore had jurisdiction to adjudicate the motion and impose sanctions.

Conclusion

          Neither Berger nor Kolb meets the
criteria for a restricted appeal.  Kolb’s collateral attack on the trial
court’s jurisdiction also fails.  We therefore affirm the judgment of the trial
court.  

   

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.









[1]
King apparently set the motion for submission
several times.  Only the third amended notice of submission is material to this
appeal.

 





[2]
The court noted: “Obviously, I am reluctant to
grant a summary judgment where there is doubt in the record about whether it
was properly served on the opposing party.”

 





[3] Kolb claims he did not receive a copy of this letter.  

 





[4]
The notice of appeal names Carl J. Kolb, P.C. as
a party.  The trial court’s sanctions order, however, imposes sanctions only on
Carl Kolb individually.  Carl J. Kolb, P.C. is not aggrieved by the trial
court’s order or judgment and thus has no standing in this appeal.  

 





[5] Kolb and Berger indicate some concern about whether the correct trial
court cause number appears on their notice of appeal, noting that the trial
court signed severance orders and assigned new cause numbers to the summary judgment
and the sanctions order.   The cause number contained in their notice of appeal
is correct.  The severance motions were filed, and the corresponding orders
signed, more than thirty days after the summary judgment and sanctions order. 
By that time, the trial court had lost its plenary power over the case.  See
Tex. R. Civ. P. 329b(d).
Consequently, the severance orders and the cause numbers assigned by them are
void and not appealable.  Accord In re Funding Group, Inc., No.
03-06-00041-CV (Tex. App.—Austin Mar. 10, 2006, orig. proceeding) (mem. op.)
(directing trial court to set aside severance order because court had no
jurisdiction to issue it after plenary power expired); see also State
ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (“Judicial action
taken after the court’s jurisdiction over a cause has expired is a nullity.”); In
re T.G., 68 S.W.3d 171, 177 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied) (appellate court may declare void any orders signed
after trial court lost plenary power).

 





[6] Rule 166a of the Texas Rules of Civil Procedure requires that a party serve notice of a summary judgment hearing on
opposing counsel at least twenty-one days before the hearing date.  Tex. R. Civ. P. 166a(c).   

 





[7]
Kolb suggests that the rule of Schexnider would
have permitted the trial court to adjudicate Lee’s sanctions motion only if it
had been pending when the court signed the order of non-suit dismissing Lee’s
claims.   To the contrary, the Supreme Court expressly disavowed that position,
observing that nothing in Texas Rule of Civil Procedure 162 or any of its
previous decisions deprives a trial court of the power to act on motions filed after
a nonsuit while it retains plenary power.  Scott & White Mem’l Hosp. v.
Schexnider, 940 S.W.2d 594, 596 (Tex. 1996).