

# NUMBER 13-19-00609-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE RODRIGUEZ D/B/A DIAMOND TOWING
& RECOVERY, BELEN RODRIGUEZ,
AND JOHN PAUL OBREGON,                              Appellants,

v.

ADRIANA P. OLIVARES,                                Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

In this restricted appeal, appellants Jose Rodriguez, Diamond Towing and
Recovery, Belen Rodriguez, and John Paul Obregon appeal the trial court's grant of
summary judgment in favor of appellee Adriana P. Olivares. By four issues that we

construe as five, appellants contend that: they did not participate in the decision-making proceedings (issue one); there is error on the face of the record because the judgment is not final (issue two); and the evidence is insufficient to support a finding that Olivares established as a matter of law the elements of her causes of action for violation of the Deceptive Trade Practices Act (DTPA), conversion, and fraud (issues three through five). We affirm.

## I. BACKGROUND

Olivares filed suit against appellants on March 15, 2018. Olivares set out the facts of her claims in her petition as follows:

> On May 8, 2017 Eduardo Cardenas (driver) of the truck and trailer #KW 2000 W900 was involved in an auto accident. [Diamond] went to the location of the accident and towed the trailer to their location 3833 FM 892 Robstown, Tx. 78380. The next day[,] May 9, 2017, Eduardo Cardenas (driver) went to the towing company to pick up his belongings and to request a detailed bill. Belen[,] his office administrator told him the bill for services rendered was $13,000.00 and that he could pay half[,] once paid he [could] take possession of the truck and trailer.
>
> Eduardo Cardenas (driver) and [Olivares] took the case before Judge Gonzalez[,] JP Court in Robstown, Nueces County, Texas. On May 26, 2017 the Judge rendered a judgment and reduced the fees to $6,835.00.
>
> A couple of days after the judgment was granted the [Olivares] called [Diamond] to discuss a form of payment. Belen with [Diamond] stated to her that she was not going to allow [Olivares] to pay any less than what the original fees were.
>
> On August 8, 2017 [Olivares] attempted to pay the fees to [Diamond]; but [was] told that [Olivares] could not take possession of the truck and trailer because it had been sold.

Olivares sought damages from appellants due to their failure to comply with the judgment on the basis of DTPA violations, fraud, and conversion.

On July 24, 2018, appellants filed a general denial denying their liability and asserting what they alleged were their affirmative defenses as follows:

> [Appellants] are not liable as alleged by [Olivares] because the injuries and damages alleged are not recoverable under the [DTPA]. [Appellants] have complied with all statutory requirements regarding the disposal of property subject to a tow lien and in compliance with the Texas Occupations Code and the Texas Property Code.
>
> . . . . [Appellants] are not liable as alleged by [Olivares] because . . . [Olivares] failed to secure possession of the impounded property within the time constraints allowed by law.
>
> . . . . [Appellants] are not liable as alleged by [Olivares] because . . . [Olivares] is prohibited by Statute in bringing forth her claim as asserted within her Original Petition as she failed to secure the release of her property in compliance with State Law.
>
> . . . . [Appellants] are not liable as alleged by [Olivares] because of . . . [Olivares's] failure to claim her property, acted as a release of all claim and right to said property.
>
> . . . . [Appellants] are not liable as alleged by [Olivares] because . . . [she] waived whatever claims to the property at issue that she may have had by her failure to timely redeem the property in compliance with State Law.
>
> . . . . [Appellants] are not liable as alleged by [Olivares] because . . . [she] consented to the sale and disposal of the property when she failed to redeem the property and pay the amount owing to [Diamond].
>
> . . . . [Appellants] are not liable as alleged . . . because . . . [Olivares failed] to mitigate. . . [and she failed] to redeem the property caus[ing] the property to be forfeited and all claims and right to said property transferred to [Diamond] who had perfected their lien.

On March 12, 2019, Olivares filed a motion for traditional summary judgment on her DTPA, fraud, and conversion claims. Appellants did not respond. The trial court held a summary judgment hearing on April 29, 2019. Appellants did not appear at the hearing. The trial court granted Olivares's motion for traditional summary judgment on all her

3

claims on May 31, 2019. This appeal followed.

## II.   RESTRICTED APPEAL

Generally, a notice of appeal is due within thirty days after a final judgment is signed. TEX. R. APP. P. 26.1. Nonetheless, a party may obtain relief via a restricted appeal if it is established that (1) the appellant filed a notice of the restricted appeal within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See id.* 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

It is undisputed that appellants filed a notice of the restricted appeal within six months after the judgment was signed and were parties to the underlying lawsuit. Therefore, we proceed to consider the third and fourth elements of a restricted appeal.

## III.   PARTICIPATION

By their first issue, appellants contend that they met the nonparticipation element of a restricted appeal. Olivares responds that appellants did not participate in the summary judgment proceedings because appellants chose not to respond to the motion for summary judgment and chose not to appear at the summary judgment hearing.

### A.   Applicable Law

An appellant satisfies the non-participation element for a restricted appeal only if the appellant did not take part in the "decision-making event" that resulted in an adjudication of its rights. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586,

4

589 (Tex. 1996). "The decision-making event is the proceeding in which the questions of law and fact are decided." *Cox v. Cox*, 298 S.W.3d 726, 731 (Tex. App.—Austin 2009, no pet.). The policy underlying the nonparticipation requirement is to deny restricted appeals to those who should reasonably have pursued the quicker method of ordinary appeal. *Texaco, Inc.*, 925 S.W.2d at 590. Courts construe the nonparticipation requirement liberally in favor of a right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). It is the fact of nonparticipation, not the reason for it, that determines a person's right to pursue a restricted appeal. *Texaco Inc.*, 925 S.W.2d at 589.

In the context of summary judgment proceedings, "[a] restricted appeal is only available where appellant neither filed a response nor appeared at the hearing on the summary judgment motion." *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) (citing *Stiver v. Tex. Instruments, Inc.*, 615 S.W.2d 839, 842 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.)); *see Texaco, Inc.*, 925 S.W.2d at 589 (describing that participation of a party in a summary judgment proceeding requires that the party take part in all steps of that summary judgment proceeding except the hearing . . . ."); *Havens v. Ayers*, 886 S.W.2d 506, 509 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("This Court has held that where an appellant neither filed a response nor appeared at the hearing on a summary judgment motion, appeal by writ of error [(restricted appeal)] is permissible." (citing *Stiver*, 615 S.W.2d at 842)); *see also Aldrete v. City of McAllen*, No. 13-16-00587-CV, 2018 WL 1417485, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, pet. denied) (mem. op.).

5

**B.    Analysis**

In this case, the trial court's summary judgment ruling constitutes the relevant decision-making event in determining nonparticipation because it resulted in the adjudication of the parties' rights and led to the complained-of judgment. *See* TEX. R. APP. P. 30; *Texaco Inc.*, 925 S.W.2d at 589. It is undisputed that appellants did not file a response to Olivares's motion for summary judgment and did not attend the summary judgment hearing. Still, Olivares argues that appellants participated in the decision-making event by choosing not to file a response and not to appear at the summary judgment hearing after they were properly notified of both. Olivares states that "'participation by active refusal to participate' is participation to a degree this Court has the discretion to designate."

However, as set out above, "'[i]t is the fact of nonparticipation, not the reason for it,'" that determines a party's right to a restricted appeal. *Texaco, Inc.*, 925 S.W.2d at 590. "As in an ordinary appeal, a writ of error [(restricted appeal)] appellant is not required to show diligence or lack of negligence before its complaints will be heard." *Id.* Accordingly, as we must construe the nonparticipation requirement liberally in favor of a right to appeal and we are not to look at the reason for nonparticipation, we conclude that appellants did not participate in the summary judgment proceedings below and therefore established that element of a restricted appeal. *See Stubbs*, 685 S.W.2d at 645; *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.) (determining that a defendant met the non-participation requirement even though he filed an answer, was served with requests for admissions, and had notice of the motion for summary

6

judgment but did not respond to the motion or appear at the summary-judgment hearing); *see also Tex. Dep't of Pub. Safety v. J. W. D*., No. 03-14-00101-CV, 2014 WL 7464229, at *1 (Tex. App.—Austin Dec. 31, 2014, pet. denied) (mem. op.) ("The fact that the Department had filed an answer and had notice of the hearing does not alter the fact that the Department did not participate in the actual decision-making event from which the expunction order resulted."); *Meadows v. FIA Card Servs., N.A.,* No. 09-12-00051-CV, 2012 WL 3860648, at *1 (Tex. App.—Beaumont Sept. 6, 2012, no pet.) (mem. op.) (concluding that, although the appellant filed a summary judgment response and a motion to defer a summary judgment hearing, "those documents were filed . . . long after the trial court had granted [the summary judgment] motion" and therefore the record did not indicate that the appellant had "filed a timely summary judgment response or any post-judgment motions or requests that amount to participation in the decision-making event"); *Hornsby v. Alter's Gem Jewelry, Ltd*., No. 09-04-0542 CV, 2005 WL 3073790, at *2 (Tex. App.—Beaumont Nov. 17, 2005, pet. denied) (mem. op.) (explaining that the appellant did not participate in the summary judgment proceedings because he did not file a response to the summary judgment motion or attend the hearing); *Bass v. Bass*, No. 01-00-00745-CV, 2002 WL 1227193, at *4 (Tex. App.—Houston [1st Dist.] June 6, 2002, no pet.) (mem. op.) (concluding that the appellant met the non-participation requirement even though the appellant either "deliberately or intentionally" did not participate in the decision-making event). We sustain appellants' first issue.

## IV.  ERROR ON THE FACE OF THE RECORD

By their second and third issues, appellants contend that there is error on the face

of the record because (1) the summary judgment is not final for purposes of appeal and (2) even if the judgment is final, there is insufficient evidence to support it.

## A.    Finality of the Judgment

By their second issue, appellants contend that the judgment is not final for purposes of appeal because the trial court did not dispose of their request for attorney's fees. Specifically, appellants claim that they "made a counterclaim for attorney's fees that were allowed under the Declaratory Judgment Act for their towing services, as well as allowed under the Texas Property Code Section 70.08 allowing for attorney's fees for a property lien on the recovered vehicle."[1] Therefore, due to the alleged nonfinality of the judgment, appellants claim that "there is clear error on the face of the record." Olivares responds that the judgment is final because "[a]ppellants never completed a counterclaim for attorney's fees, [thus] there were no claims made by [a]ppellants to consider."

We note that if we find that the summary judgment is not final, then the proper disposition is to dismiss appellants' appeal. *See Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56 (Tex. App.—San Antonio 2020, no pet.) ("If an order on a motion for summary judgment is not final, and the order is not an appealable interlocutory order, we must dismiss the appeal for lack of jurisdiction." (citing *Estate of Aguilar*, 521 S.W.3d 389, 390 (Tex. App.—San Antonio 2017, no pet.))). Therefore, we must determine whether the judgment is final for purposes of appeal. If it is final, we may continue with our restricted

---

[1] Appellants did not make a counterclaim pursuant to the Declaratory Judgment Act or the Texas Property Code. Instead, they asserted their affirmative defenses as follows: "Defendants have complied with all statutory requirements regarding the disposal of property subject to a tow lien and in compliance with the Texas Occupations Code and the Texas Property Code." As set out above, appellants did not mention the Declaratory Judgment Act or 70.08 of the Texas Property Code in their pleading.

appeal analysis. However, if it is not final, we must dismiss this appeal for lack of jurisdiction.[2] *City of San Antonio v. Tommy Harral Constr., Inc.*, 486 S.W.3d 77, 80 (Tex. App.—San Antonio 2016, no pet.).

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *City of San Antonio*, 486 S.W.3d at 80; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). We must strictly construe statutes providing for interlocutory appeals of orders that are not final or generally appealable. *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

Here, Olivares filed suit for conversion, DTPA violations, and fraud; she also requested attorney's fees. Appellants filed a general denial asserting several affirmative defenses including claims that they complied with the DTPA, the Texas Occupations Code, and the Texas Property Code, contributory negligence, illegality, release, waiver, consent, and failure to mitigate. Appellants made a general claim for attorney's fees; however, they did not seek affirmative relief. Olivares filed a motion for traditional summary judgment on her DTPA, conversion, and fraud claims and sought attorney's fees for each claim. The trial court granted summary judgment in favor of Olivares on all three causes of action, and it awarded attorney's fees to Olivares based on each cause of action.

As stated above, Olivares moved for summary judgment on each of her causes of action and affirmative claims for attorney's fees. The judgment specifically states that

---

[2] We would not find error on the face of the record.

Olivares's request for attorney's fees is granted. Even if we were to construe appellants' answer as requesting attorney's fees as to Olivares's DTPA claim, the trial court awarded attorney's fees to Olivares as the prevailing party; thus, it was not necessary for the trial court to state in its motion that it had denied appellants' request for attorney's fees. *See* TEX. BUS. & COM. CODE ANN. § 17.50(c) (establishing that the defendant may only obtain attorney's fees pursuant to the DTPA "[o]n a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment"), § 17.50(d) (providing that "[e]ach consumer who prevails [on a DTPA claim] shall be awarded court costs and reasonable and necessary attorneys' fees").

Appellants also claim that they were entitled to attorney's fees pursuant to the Texas Declaratory Judgment Act. However, appellants did not file a claim for a declaratory judgment in their answer, and upon our review of their answer they did not seek any other affirmative relief entitling them to attorney's fees. *See Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.) (explaining that a defendant's request for attorney's fees in its answer does not constitute a claim for affirmative relief if the request is not made in connection with an affirmative claim); *see also Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008); *Spicer, Tr. for Estate of Brady v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 128 (Tex. App.—Fort Worth 2020, no pet.) (stating that "a party seeking recovery of attorney's fees, even under a mandatory statute, must still sufficiently notify the court and opposing party of his intent to recover his attorney's fees under that statute" and explaining that although the defendant could have asked for attorney's fees pursuant to a statute, he did not plead

10

them pursuant to that statute and thus could not be awarded them); *Shaw v. Lemon*, 427 S.W.3d 536, 540 (Tex. App.—Dallas 2014, pet. denied) ("In summary, a pleading that does not ask for an award of attorney's fees under a mandatory statute does not give notice to the opposing party of all the relief sought."); *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.) ("A general prayer for relief will not support an award of attorney's fees because it is a request for affirmative relief that must be supported by the pleadings."); *Grant v. Hope Vill. Apartments*, No. 09-09-00527-CV, 2010 WL 4262001, at *3 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.). We are unable to determine how appellants could be entitled to attorney's fees when they made no claim for declaratory judgment or any other affirmative relief, and they do not provide any argument supporting such a conclusion.[3] *See* TEX. R. APP. P. 38.1(i). We conclude that the trial court's summary judgment disposed of all parties and all claims and is final for purposes of appeal.[4] Therefore, we may proceed to analyze appellants remaining issues. We overrule appellants' second issue.[5]

---

[3] Appellants made a general request for attorney's fees in their answer. However, they did not request a declaratory judgment or state how they were entitled to affirmative relief entailing the award of attorney's fees.

[4] It is unclear if appellants argue that they were entitled to attorney's fees based on their affirmative defenses. Nonetheless, a party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of fact as to each element of the defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied). However, here, appellants did not respond to Olivares's motion for summary judgment. Therefore, they did not raise an issue of fact as to the elements of their affirmative defenses. Appellants cite no authority, and we find none, supporting a conclusion that the trial court had to address appellants' affirmative defenses in its summary judgment when appellants failed to file an answer with evidence to support their defenses. Therefore, we reject appellants' argument to the extent that they claim they were entitled to attorney's fees based on their affirmative defenses.

[5] As a sub-issue to their second issue, appellants state, "As Appellants have shown that the order is not a final order subject to execution, Appellants will raise Res Judicata upon return to the trial court." It appears that this sub-issue depends on a conclusion that the trial court's summary judgment is not final for

**B.     Sufficiency of the Evidence**

Next, by what we construe as their third through fifth issues, appellants contend

that there is error on the face of the record because the evidence is insufficient to support

the trial court's summary judgment for DTPA violations, fraud, and conversion.

### 1.     DTPA

In their third issue appellants argue as follows:

> The evidence supporting the claims raised here was insufficient as a matter of law. A trial court may not grant a summary judgment for lack of response to the motion by the nonmovant when the movant's summary judgment proof is legally insufficient. Summary judgments must stand on their own merits, and the nonmovant's failure to answer or respond cannot be supplied by default to the summary judgment proof necessary to establish the movant's right.
>
> . . . . The elements of a claim under the DTPA are (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages. Reliance is a necessary element of a DTPA claim based on false, misleading, or deceptive acts.
>
> Further: "A section 17.46(b)(12) violation depends upon the existence of an underlying contract or agreement, the terms of which are misrepresented." It does not include representations that are not connected to another agreement. Here the only misrepresentation alleged in the admissions is that the truck would be returned upon payment.
>
> Here, there is no evidence of an underlying agreement upon which to base a misrepresentation in this case. Further, simply requiring payment for services would not seem sufficient to qualify as a misrepresentation on a non-existent underlying agreement. No/insufficient evidence was presented on this claim and summary judgment was improper.

(Internal citations omitted).

---

purposes of appeal. However, we have concluded that the judgment is final. Therefore, this issue is not dispositive, and we decline to address it. *See* TEX. R. APP. P. 47.1.

12

In her pleadings, Olivares alleged appellants violated § 17.50(a)(2) of the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(2) (providing that a consumer may maintain an action where a breach of an implied warranty constitutes a producing cause of economic damages or damages for mental anguish). She moved for traditional summary judgment based on this cause of action and based on appellants' deemed admissions. The trial court set out the deemed admissions, in pertinent part, as follows: (1) appellants violated the DTPA; (2) they charged an "exorbitant fee ($13,000) for the towing services that were provided"; (3) they refused "to accept the amount that Judge Gonzalez ordered that [appellants] accept for the return to [Olivares] of her truck"; and (4) they gave Olivares's truck to Obregon which was "unconscionable and caused economic damages to [Olivares]."[6]  *See id.* § 17.50(a)(2).

Section 17.46(b)(12) establishes that a party may sue pursuant to the DTPA for false, misleading, or deceptive acts or practices in the conduct of any trade or commerce and that "false, misleading, or deceptive acts or practices" include, but are not limited to, "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." *Id.* § 17.46(b)(12). Olivares did not cite or claim that appellants violated § 17.46(b)(12) in her pleadings, and she did not allege a DTPA violation on the basis that appellants represented that an agreement conferred or involved rights, remedies, or obligations which it did not have or involve, or which were prohibited by law. Other than claiming that Olivares failed to establish her entitlement to relief pursuant to § 17.46(b)(12), appellants have not presented any

---

[6] Appellants did not challenge the deemed admissions in the trial court and do not do so on appeal.

13

substantive legal argument with citation to legal authority to support their third issue.[7] *See* TEX. R. APP. P. 38.1(i); TEX. BUS. & COM. CODE ANN. § 17.46(b)(12). Therefore, appellants have not shown error on the face of the record on this basis. We overrule appellants' third issue.

By a sub-issue to their third issue, appellants contend that there is no evidence supporting the trial court's award of treble damages because there is no evidence that Olivares suffered mental anguish. Olivares responds that the statute allows for treble damages on a finding by the trial court that appellants' "conduct was committed knowingly, not whether or not [a]ppellee presented evidence of mental anguish."

If a defendant's conduct was committed knowingly or intentionally, a plaintiff who prevails under the DTPA may recover additional treble damages. TEX. BUS. & COM. CODE ANN. § 17.50(b)(1); *Emmanuel v. Izoukumor*, 611 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (noting that the "plaintiff may recover up to three times its actual damages if trier of fact finds defendant violated DTPA 'knowingly'"). Thus, in addition to mental anguish damages, when conduct is committed knowingly, the consumer may be awarded up to three times the amount of economic damages. TEX. BUS. & COM. CODE ANN. § 17.50(b)(1).

Here, the trial court did not award mental anguish damages to Olivares. Instead, the trial court states in the judgment, "This Court further exercises [its] discretion, pursuant

---

[7] Even if Olivares claimed that appellants violated § 17.46(b), there is nothing in the record establishing that she did so on the basis that appellants claim that she did. Section 17.46(b) is a non-exhaustive list of conduct constituting a "false, misleading, or deceptive act or practice." *See* TEX. BUS. & COM. CODE ANN. § 17.46(b); *see also Froemming v. Perez*, No. 04-05-00514-CV, 2006 WL 704479, at *3 (Tex. App.—San Antonio Mar. 22, 2006, no pet.) (mem. op.) ("A noninclusive list of conduct constituting a 'false, misleading, or deceptive act or practice' is set forth in section 17.46(b) of the statute.").

to the [DTPA], to award [Olivares] up to three (3) times (x) her actual damages and the Court determines that it will multiply [Olivaress'] actual damages by three (3) times." As the trial court did not include any mental anguish damages, no evidence of mental anguish was required. The trial court's award of treble damages was based on its finding that appellants' acts were committed knowingly, a finding not challenged on appeal. *See id.* Therefore, appellants' sub-issue to their third issue is without merit. Accordingly, appellants have not shown error on the face of the record in this regard. We overrule appellants' sub-issue to their third issue.

### 2. Conversion

By their fourth issue, appellants contend that the evidence is insufficient to show that their possession of the vehicle was unlawful; thus, summary judgment was improperly granted on Olivares's conversion claim. Specifically, after setting out the elements of conversion, appellants state:

> There was no evidence that Appellants exercised unlawful possession as [] there are clear statutory requirements that must be followed in Texas Property Code Section 70.06 regarding liens on towed vehicles and their sale. No evidence was presented that Appellants failed to follow the procedures in the statute (as was raised as an affirmative defense) or that Olivares[] complied with [her duty] under that statute to pay for the vehicle within 30 days. Therefore, the evidence is insufficient to support a claim for Conversion.

Other than the assertions stated above with citation only to the elements of conversion, appellants have not presented any substantive legal argument applying legal authorities to the facts of this case. *See* TEX. R. APP. P. 38.1(i). Appellants merely make a global and unsubstantiated allegation with general citation to authority, without explaining how that authority cited applies to the facts here. Thus, appellants have failed to provide any

15

substantive analysis in such a manner as to demonstrate that there is error on the face of the record. We are prohibited from making appellants' argument for them, and we refuse to do so. Moreover, we are prohibited from researching the law and then fashioning a legal argument for appellants when they have failed to do so. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 932 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Atkinson v. Sunchase IV Homeowners Ass'n, Inc.*, No. 13-17-00691-CV, 2020 WL 2079093, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2020, no pet.) (mem. op.). We overrule appellants' fourth issue.

### 3.     Fraud

By their fifth issue, appellants argue as follows:

> What is important for the court to realize is that there are not common law requirements for towing and releasing a vehicle. These items are governed by Statute (as was affirmatively plead) under the Transportation Code as well as the Property Code. No/insufficient evidence was presented to have the court determine that Appellants failed to comply with any statutory requirements regarding the tow. Any common law claims in this case are preempted by the statutory requirements. None of the statutory requirements were presented, discussed or even referenced in the summary judgment or order. A[s] such there is no/insufficient evidence upon which to base a finding of fraud /misrepresentation or any other common law claim.

This is the extent of appellants' argument supporting its contention that summary judgment was improper as to Olivares's fraud claim. As we understand it, appellants argue that Olivares did not address their affirmative defenses in her motion for summary judgment. However, Olivares had no burden to disprove appellants' affirmative defenses in her motion for summary judgment. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("To defeat summary judgment by raising

16

an affirmative defense, the nonmovant must do more than just plead the affirmative defense," and "[h]e must come forward with evidence sufficient to raise a genuine issue of material fact on each element of his affirmative defense"). Olivares's summary judgment burden required that she establish a right to judgment as a matter of law by providing summary judgment evidence supporting each element of her causes of action. *See Geiselman v. Cramer Financial Group, Inc.*, 965 S.W.2d 532, 535 (Tex. App.—Houston [14th Dist.] 1997, no writ). On appeal, appellants do not dispute that Olivares met her burden of establishing the elements of fraud.[8] Thus, once Olivares met her burden, the burden shifted to appellants to raise a material fact issue sufficient to defeat summary judgment, and they did not do so because they did not respond to Olivares's motion for summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Appellants have not shown that error is apparent on the face of the record in this regard. We overrule appellants' fifth issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
6th day of May, 2021.

---

[8] The elements of fraud are as follows: (1) the defendant made a material false representation; (2) the defendant knew the falsity of the representation "'or made it recklessly as a positive assertion without any knowledge of its truth'"; (3) "the defendant intended to induce the plaintiff to act upon the representation"; and (4) "the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018).