SOUTHSTAR CORPORATION, BEI Energy Corporation, Carl Beach, Jim Gresham, Tommy Dubois, And Larry Billingsley, Appellants,

v.

ST. PAUL SURPLUS LINES INSURANCE COMPANY d/b/a St. Paul Insurance, Appellee.

No. 13–99–481–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 15, 2001.

Rehearings Overruled April 5, 2001.

**188**

Alan Clifton Gordon, Paul Dodson, White, Huseman & Pletcher, Corpus Christi, for Appellants.

J. Stephen Gibson, Dallas, Michael W. Huddleston, David J. Metzler, Mccauley, Macdonald, Love & Devin, Dallas, for Appellee.

Before: Justices DORSEY, RODRIGUEZ, and SEERDEN [1]

1. Retired Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

## OPINION

RODRIGUEZ, Justice.

Southstar Corporation (Southstar), BEI Energy Corporation (BEI), Carl Beach, Jim Gresham, Tommy Dubois, and Larry Billingsley,[2] appellants, appeal from a take-nothing summary judgment granted in favor of St. Paul Surplus Lines Insurance Company (St.Paul). We affirm in part and reverse and remand in part.

New West Resources, Inc. (Resources) and BEI formed New West Fuels, L.C. (Fuels) for the purpose of acquiring and developing oil and gas properties. Fuels obtained a commercial general liability insurance policy from St. Paul. Within two years of forming Fuels, the parties agreed to dissolve the business relationship. Thereafter, Beach, Gresham, Dubois, and Billingsley formed Southstar, again for the purpose of acquiring and developing oil and gas properties. The name of the insured on the St. Paul insurance policy was changed from Fuels to Southstar.

Resources sued BEI, Southstar, Beach, Gresham, Dubois, and Billingsley for conspiracy, fraud, breach of fiduciary duty, and breach of contract, and to obtain injunctive relief. According to Resources' petition, Resources, BEI, and BEI's shareholders executed written dissolution agreements as well as a confidentiality and non-disclosure agreement finalizing the dissolution of the business relationship. The dissolution agreements provided, *inter alia,* that Resources "was assigned all rights to the corporate name and logo of Fuels." The petition alleges that after Southstar was formed, appellants "issued a press release stating that Fuels had been reorganized as Southstar Corporation, a company owned and operated by [appellants]." It further alleges, "appellants misused the Fuels name and misrep-

resented the history of the company in interviews and various trade publications. Such action violated the agreement ..., and the Confidentiality and Non–Disclosure Agreement and Release...."

Appellants demanded that St. Paul defend them in the suit filed by Resources pursuant to the insurance policy. St. Paul, however, refused to defend appellants, maintaining the lawsuit was not covered under the policy. As a result, appellants sued St. Paul, alleging breach of the insurance agreement, breach of the duty of good faith and fair dealing, misrepresentations of the policy's coverage, violations of the Deceptive Trade Practices Act (DTPA), and negligence. Both parties moved for summary judgment. St. Paul moved for summary judgment as against all of appellants' claims for relief. Specifically, St. Paul urged that it owed no duty to defend appellants under the policy and that appellants' extracontractual claims were barred because Texas law does not recognize any extracontractual claims in the insurance liability context, and because breach of contract allegations do not create liability under the DTPA or for negligence. The trial court granted St. Paul's motion for summary judgment and entered an order that appellants take nothing.

By their first issue, appellants complain the trial court erred in granting summary judgment because St. Paul had a duty to defend appellants under the policy. To be entitled to summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). The reviewing court must accept all evidence favorable to the non-movant as true and indulge all reason-

---

2. Beach, Gresham, Dubois, and Billingsley were shareholders in BEI.

able inferences in favor of the non-movant. *Id.; Siegert v. Seneca Resources Corp.,* 28 S.W.3d 680, 682 (Tex.App.—Corpus Christi 2000, no pet.). If the trial court fails to specify the grounds upon which it granted summary judgment, we will affirm the summary judgment if any theory expressly presented in the movant's motion for summary judgment is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

■■■ An insurer is only required to defend a case against its insured if a petition alleges facts within the scope of the policy coverage. *National Union Fire v. Merchants Fast Motor Lines,* 939 S.W.2d 139, 141 (Tex.1997); *Fidelity & Guar. Ins. Underwriters Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982); *Zamora v. Dairyland County Mut. Ins. Co.,* 930 S.W.2d 739, 742 (Tex.App.—Corpus Christi 1996, writ denied). Under the "eight corners" rule, the trier of fact must determine whether there is a duty to defend by the allegations in the pleadings and the language of the insurance policy. *National Union,* 939 S.W.2d at 141; *Zamora,* 930 S.W.2d at 742. The duty to defend is determined from the face of the pleading, without regard to the ultimate truth or falsity of the allegations. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 24 (Tex.1965).

■■■ We liberally construe the petition in determining the duty to defend, resolving any doubt in favor of the insured. *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 825 (Tex.1997). "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *National Union,* 939 S.W.2d at 141 (citing *Heyden,* 387 S.W.2d at 26). The question

of an insurer's duty to defend is a matter of law, which we review de novo. *King v. Dallas Fire Ins. Co.,* 27 S.W.3d 117, 121 (Tex.App.—Houston [1st Dist.] 2000, Rule 53.7(f) motion filed Nov. 7, 2000); *State Farm Gen. Ins. Co. v. White,* 955 S.W.2d 474, 475 (Tex.App.—Austin 1997, no writ).

The insurance policy in the instant case provides, in relevant part:

**Advertising injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that:

●results from the advertising of your products, work or completed work; and

●is caused by an advertising injury offense committed while this agreement is in effect.

\* \* \* \*

*Advertising injury* means injury, other that bodily injury or personal injury, caused by an advertising injury offense.

*Advertising injury offense* means any of the following offenses:

●Libel or slander

●Making known to any person or organization written or spoken material that belittles the products, work or completed work of others.

●Making known to any person or organization written or spoken material that violates an individual's right of privacy.

●Unauthorized taking or use of any advertising idea, material, slogan, style or title of others.

*Advertising* means attracting the attention of others by any means for the purpose of seeking customers or increasing sales or business.

\* \* \* \*

**Breach of contract.** We won't cover advertising injury that results from the

failure of any protected person to do what is required by a contract or agreement.

But we won't apply this exclusion to the unauthorized taking or use of advertising ideas if the contract or agreement doesn't specifically prohibit such taking or use.

■ Appellants contend that the lawsuit filed against them by Resources is covered under the advertising injury provision of the policy. Specifically, appellants contend Resources alleged an advertising injury by pleading that appellants used and misused Fuel's name in contravention of the dissolution agreements. As appellants note, the policy provides that an advertising injury includes the unauthorized taking or use of any title of others.

St. Paul contends that even if the petition alleged an advertising injury, any advertising injury arising from a breach of contract, according to the policy, is expressly excluded from coverage. Because the alleged advertising injury (*i.e.*, the unauthorized taking or use of title) arose from breach of the dissolution agreement, which assigned all rights to the corporate name and logo to Resources, St. Paul contends any such injury is excluded from coverage. We agree.

The dissolution agreements granted Resources all rights to the corporate name and logo of Fuels. Nonetheless, according to Resources's petition, appellants engaged in the unauthorized use and misuse of the name of Fuels. Thus, the alleged advertising injury, if any, resulted from the alleged breach of the dissolution agreement by appellants. Consequently, St. Paul did not have a duty to defend appellants against Resources under the advertising injury provision of the policy.

■ Appellants contend that the exclusion for advertising which results from breach of an agreement is inapplicable because the dissolution agreements did not expressly prohibit the taking or use of Fuel's name. The relevant provision in the policy is as follows, "[b]ut we won't apply this exclusion to the unauthorized taking or use of advertising ideas if the contract or agreement doesn't specifically prohibit such taking or use." Significantly, this statement is limited to the taking of advertising ideas. Under the terms of the policy, the unauthorized taking or use of any advertising idea is an advertising injury offense in addition to, and distinct from, the unauthorized taking or use of any advertising material, slogan, style or title of others. When we construe exclusions in an insurance policy, we must "attempt to give effect to all contract provisions so that none will be rendered meaningless." *Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex.1998). Here, the policy distinguishes between advertising ideas, materials, slogans, styles, or titles of others. The exception to the exclusion, however, is limited to advertising ideas. Consequently, we construe the exception to the exclusion to apply only to advertising ideas and not the unauthorized taking or use of title.

The unambiguous language of the policy excludes coverage of advertising injuries that arise from breach of an agreement. The putative advertising injury in this case arose from breach of the dissolution agreement. Consequently, the alleged advertising injury was excluded from coverage and St. Paul was under no duty to defend appellants. Appellants' first issue is overruled.

In their second issue, appellants contend summary judgment was improper because St. Paul failed to conclusively negate appellants' extracontractual claims. Appellants pleaded that St. Paul misrepresented

the insurance policy, that it was negligent and grossly negligent in failing to defend appellants, that it breached its duty of good faith and fair dealing, and that it committed violations of the DTPA by failing to defend appellants. Appellants expressly state in their brief that they are not complaining about the trial court's granting of summary judgment on their claim of breach of the duty of good faith and fair dealing. Thus, we are left to review the trial court's granting of summary judgment as to appellants' claims for negligence, violations of the DTPA, and misrepresentation.

Appellants' petition ties their negligence claim to St. Paul's failure to defend them in the lawsuit filed by Resources. St. Paul contends that a tort cause of action may not be brought based on an insured's breach of the duty to defend.

The Texas Supreme Court has not addressed this precise issue. However, in *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex.1996), the court held that no cause of action exists in Texas for breach of the duty of good faith and fair dealing when an insurer fails to settle third-party claims against its insured. Although it did not expressly address the issue of an insurer's duty to defend, the court stated, "Texas law recognizes only one tort duty in this context, that being the duty stated in *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved)." *Id.* (citing *Texas Farmers Insurance Company v. Soriano*, 881 S.W.2d 312, 318 (Tex.1994)). The court further explained, "an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights." *Id.* at 28–29.

In *State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 626 (Tex.1998),

the supreme court reviewed a case in which an estate executor sued the insurer of a decedent for legal malpractice committed by an attorney provided by the insurer. The executor brought causes of action against the insurer for negligence, breach of the duty of its duty to defend, breach of the *Stowers* duty, breach of the duty of good faith and fair dealing, and violations of the DTPA and Insurance Code. The supreme court held that the insurer was not vicariously liable for the conduct of its attorney. *Id.* at 628. With respect to the claims of direct liability against the insurer, the court rejected the contention that *Head* limited damages to policy limits and defense costs. *Id.* at 629.

The court reiterated that in *Head* it held that "rights granted under *Stowers* together with rights under the contract of insurance fully protected the insured against an insurance company's erroneous refusal to defend a third-party liability claim." *Id.* (citing *Head*, 938 S.W.2d at 29). The court distinguished *Head* from the case before it by noting that the plaintiff's allegations were "*not that the insurer merely refused a defense*, but that the insurer consciously undermined the insured's defense." *Id.* at 629 (emphasis added). Accordingly, claims against the insurer for its own misconduct were not limited by *Head* to the insurance policy limits and defense costs. *Id.* From *Head* and *Traver*, we conclude that an insured who alleges *only* that the insurer wrongfully refused a defense is limited to bringing *Stowers* claims and claims under the insurance contract. *Cf.* Ellen S. Pryor, *Mapping the Changing Boundaries of the Duty to Defend in Texas*, 31 Tex.Tech L.Rev. 869, 901 (2000) (opining that "*Head* represents a clear rejection of any tort cause of action for the refusal to defend").

Appellants direct this Court to *St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank*

*Co., Inc.,* 974 S.W.2d 51, 54–55 (Tex.1998). According to appellants, the supreme court in *Dal–Worth* upheld tort claims against an insurer who wrongfully refused to defend. As appellants note, the court in *Dal–Worth* stated that there was "evidence that St. Paul acted negligently and in violation of the DTPA and the Insurance Code." *Id.* at 54.

Appellants's characterization of the facts in *Dal–Worth* is inaccurate, and their reliance on that case to support their argument that an insured may bring a tort cause of action based solely on an insurer's breach of the duty to defend is misplaced. In *Dal–Worth,* the insurer did not refuse to defend its insured. In fact, the insurer denied coverage for a default judgment after learning of the judgment seventy-eight days after it had been signed. *Id.* at 52. Nonetheless, the insurer offered to pay for an appeal by writ of error. *Id.*

The insured and the third-party sued the insurer and the trial court rendered judgment finding the insurer liable for negligence, gross negligence, and violations under the DTPA and Insurance Code. On appeal, the supreme court analyzed whether there was evidence showing the insurer acted knowingly to support the award of statutory damages under the DTPA and Insurance Code. The court concluded that although there was some evidence the insurer acted negligently and in violation of the DTPA and Insurance Code, there was no evidence that it was actually aware that its actions were false, deceptive, or unfair. *Id.* at 54. That the insurer did not do all it should have done to determine whether the insured had been sued was some evidence of negligence, but not that the insurer knew it was harming the insured. Accordingly, the court reversed the award of statutory damages under the DTPA and Insurance Code. *Id.* As there was no issue regarding the duty

to defend, *Dal–Worth* is inapposite to the case at hand.

Our sister court in San Antonio addressed the issue of "whether a tort cause of action exists for an insurer's wrongful refusal or failure to defend its insured." *United Serv. Auto. Ass'n v. Pennington,* 810 S.W.2d 777, 783–84 (Tex.App.—San Antonio 1991, no writ). There, the court explained that "[i]n order for a tort duty to arise out of a contractual duty, *i.e.,* a negligent failure to perform a contract, the liability must arise 'independent of the fact that a contract exists between the parties': the defendant must breach a duty imposed by law rather than by the contract." *Id.* at 783 (quoting *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991)) (barring a negligence claim base upon damages arising from breach of contract claim); *see DeWitt County Elec. Coop., Inc. v. Parks,* 1 S.W.3d 96, 105 (Tex.1999) (refusing to allow a negligence claim that could not be made independent of contract claim). Moreover, "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily in contract." *Id.* (citation omitted). Because liability did not arise independent of the contract, *i.e.,* the insurance policy, the court held there was no duty beyond the contract itself to defend the insured. *Id.; see also* HADLEY EDGAR, JR. & JAMES B. SALES, 4 TEXAS TORTS & REMEDIES § 71.07[1] (2000) ("[t]he duty to defend is contractual"), 71.07[4] ("suit for failure to defend is an action on a written contract, governed by the four-year statute of limitation"). As the court noted, without the insurance policy, the insurer had no duty to defend the insured. *Id.; see also* 46 TEX.JUR.3d *Insurance Contracts and Coverage* § 1016, p. 547 (1995) ("[t]he obligation of an insurer to defend the insured is based on contractual liability assumed under the terms of an insurance policy.

Absent a contractual obligation to defend, no such duty exists. . . .").

 Here, as in *Pennington*, liability for negligence did not arise independent of the insurance agreement. Rather, liability is based on St. Paul's failure to defend appellants, or St. Paul's non-performance of the insurance agreement. Because the act giving rise to liability for negligence is breach of the insurer's duty to defend under the insurance agreement, appellants' claims for negligence and gross negligence are barred as a matter of law.

 Likewise, appellants linked their claims under the DTPA to breach of the duty to defend under the insurance agreement. The Texas Supreme Court has refused to permit an action under the DTPA based on breach of contract. *Ashford Development, Inc. v. USLife Real Estate Servs.*, 661 S.W.2d 933, 935 (Tex.1983) ("[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA"); *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13–14 (Tex.1996). Thus, St. Paul negated appellants' claim for DTPA as a matter of law. We overrule issue appellants' second issue as it pertains to appellants' claims for negligence, gross negligence, and claims brought under the DTPA.

 Appellants' misrepresentation claim, the remaining extracontractual claim, was not based on the breach of the duty to defend. Instead, this claim alleges St. Paul misrepresented the terms of the policy. The tortious act giving rise to liability allegedly occurred prior to St. Paul's decision not to defend appellants; that is, St. Paul allegedly misrepresented the policy prior to its decision not to defend appellants. Thus, this claim did not concern non-performance of the insurance agreement and may be brought independent of the claim for breach of the duty to defend under the insurance agreement. St. Paul, the summary judgment movant, failed to negate this cause of action as a matter of law. We sustain appellants' second issue as it pertains to appellants' claim for misrepresentation.

In review, St. Paul established it was entitled to summary judgment as a matter of law with respect to appellants' claims for breach of the insurance agreement, negligence, gross negligence, breach of the duty of good faith and fair dealing, and claims brought under the DTPA. However, St. Paul failed to carry their burden with respect to appellants' claim for misrepresentation.

Accordingly, the trial court's granting of summary judgment disposing of appellants' claim for misrepresentation is REVERSED and REMANDED. In all other respects, the summary judgment is AFFIRMED.