**Larry Keith LAKE, Appellant**

v.

**Guadalupe McCOY, Appellee.**

**No. 05–05–00128–CV.**

Court of Appeals of Texas, Dallas.

March 21, 2006.

---

Larry L. Fowler, Shannon, Gracey, Ratliff & Miller, LLP, Arlington, for appellant.

Robert J. Andreotti, Hahn Law Firm, P.C., Dallas, for appellee.

Before Chief Justice THOMAS and Justices MORRIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

In this restricted appeal, Larry Keith Lake challenges the trial court's order granting summary judgment in favor of appellee Guadalupe McCoy. Because we do not have jurisdiction, we dismiss this appeal.

Appellant sold appellee a car. Appellant repossessed the car, and appellee sued for breach of contract, fraud, and violation of the DTPA. After serving appellant with requests for admissions to which he did not respond, appellee filed a motion for summary judgment and set it for hearing. Appellant filed a response but did not attend the hearing. The trial court, without specifying its reasoning, struck appellant's response and granted appellee's motion. Thereafter, appellant brought this restricted appeal.

A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who, either in person or

through counsel, did not participate at trial, and (4) the error complained of must be apparent from the face of the record. TEX. R.APP. P. 26.1(c) & 30; *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 353 (Tex. App.-Dallas 1999, pet. denied). The issue in this case is whether appellant participated in the trial of this case. The key question in deciding whether appellant participated in the trial is deciding whether appellant took part in the decision-making event that resulted in the adjudication of his rights. *Texaco, Inc. v. Cent. Power & Light, Co.*, 925 S.W.2d 586, 589 (Tex. 1996). While appellant admits that he filed a response to the motion for summary judgment, he contends that because he did not attend the summary judgment hearing, and because the trial court struck his response, he did not participate. We disagree.

In the context of a summary judgment hearing, it is not necessary that appellant attend the hearing in order to participate in the decision-making event. *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex.App.-Dallas 2004, no pet.). "[S]ince all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment." *Thacker v. Thacker*, 496 S.W.2d 201, 204 (Tex.Civ.App.-Amarillo 1973, writ dism'd). A restricted appeal is only available where appellant neither filed a response nor appeared at the hearing on the summary judgment motion. *Stiver v. Tex. Instruments, Inc.*, 615 S.W.2d 839, 842 (Tex.Civ.App.-Houston [1st Dist.] 1981,

writ ref'd n.r.e.). Appellant has not cited, nor have we found, any Texas case requiring the trial court to consider the response to the motion for summary judgment for the participation element to be met. On the contrary, we conclude the participation element is met if appellant *filed* a response to the motion for summary judgment. *Id.* Here, appellant timely filed a response to appellee's motion for summary judgment. That the trial court ultimately struck the response because it was deficient does not defeat the fact that appellant participated.

Because appellant participated in the actual trial by filing a response to appellee's summary judgment motion, we lack jurisdiction over this appeal. *Rivero*, 127 S.W.3d at 424 (concluding restricted appeal is not available to party who takes part in all necessary steps of summary judgment proceedings but merely fails to attend summary judgment hearing); *El Periodico, Inc. v. Parks Oil Co.*, 923 S.W.2d 33, 34 (Tex.App.-Austin 1995), *rev'd on other grounds*, 917 S.W.2d 777 (Tex. 1996) (concluding party in summary judgment proceeding participates in "actual trial" when the party has notice of, and responds to, summary judgment motion); *Thacker v. Thacker*, 496 S.W.2d 201, 204 (Tex.Civ.App.-Amarillo 1973, writ dism'd) (concluding party who participated in summary judgment proceeding by filing opposing affidavit and directing interrogatories to movant was not entitled to review by writ of error although she did not appear at hearing on motion, since all participation necessary to oppose motion had to be concluded before date of hearing).

Accordingly, we dismiss this appeal for want of jurisdiction.