*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00124-CV

Leon **BRATCHER**,
Appellant

v.

William T. **REECE**, Jr.,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 330812
Honorable David Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  November 5, 2008

DISMISSED FOR LACK OF JURISDICTION

Leon Bratcher appeals the trial court's granting of summary judgment in favor of William

T. Reece, Jr. We dismiss this appeal for lack of jurisdiction.

On November 16, 2007, the trial court signed an order granting summary judgment in favor

of Reece and dismissing Bratcher's case with prejudice. On January 25, 2008, more than thirty days

later, Bratcher filed an untimely notice of appeal. On February 25, 2008, we ordered Bratcher to

show cause why this appeal should not be dismissed for lack of jurisdiction. In response, Bratcher

claimed that he was not served with notice of the trial court's November 16, 2007, order granting summary judgment. On March 10, 2008, we issued an order noting that because Bratcher had neither filed a response to Reece's motion for summary in the trial court, nor appeared at the hearing granting the motion for summary judgment, we would construe Bratcher's appeal as a restricted appeal. And because Bratcher's notice of appeal was timely under the rules applicable to restricted appeals, we retained the appeal on the docket of the court. Thereafter, Bratcher filed his appellant's brief. Reece did not file a brief.

Upon further review, it appears we do not have jurisdiction over this appeal. A review of the clerk's record shows that, on October 12, 2007, Reece filed his motion for summary judgment. And, the clerk's record does, in fact, contain a response filed by Bratcher to Reese's motion for summary judgment. The clerk's record shows that on November 6, 2007, Bratcher filed a response captioned "Plaintiff Files this Motion to Deny the Defendant's Motion for Summary Judgment, and Grant this Motion for Summary judgment in Favor of Plaintiff."[1] By responding to Reece's motion for summary judgment, Bratcher participated at trial. Thus, we cannot construe his notice of appeal as a notice of restricted appeal. *See Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) (holding that a restricted appeal is available only where appellant neither filed a response nor appeared at the hearing on the summary judgment motion, and dismissing the appeal for lack of jurisdiction).

And, if we cannot construe Bratcher's notice of appeal as a notice of restricted appeal, his notice of appeal was filed untimely. The trial court's final judgment was signed on November 16,

---

[1] Although the trial court's order granting Reece's motion for summary judgment does not mention Bratcher's motion for summary judgment, the order is, nevertheless, a final order because it dismisses with prejudice all causes of action filed by Bratcher. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

2007. Because Bratcher did not file any post-trial motions that would have extended the appellate timetable, his notice of appeal was due on December 17, 2007. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due on January 2, 2008. *See* TEX. R. APP. P. 26.3. Bratcher, however did not file his notice of appeal until January 25, 2008. Because his notice of appeal was untimely, we lack jurisdiction to consider this appeal.[2] Therefore, we do not reach the merits of Bratcher's appeal.

We dismiss this appeal for lack of jurisdiction.

Karen Angelini, Justice

---

[2] Although Bratcher complains about the failure of the trial court clerk to notify him of the judgment, we note that such complaint was required to be presented to the trial court pursuant to Texas Rule of Civil Procedure 306a. *See In re Lynd Co.*, 195 S.W.3d 682 (Tex. 2006) (orig. proceeding).