**Affirmed and Opinion Filed April 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00220-CV

**MARQUETH WILSON, Appellant**
**V.**
**COLONIAL COUNTY MUTUAL INSURANCE COMPANY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-14112**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Appellant Marqueth Wilson filed suit against Colonial County Mutual Insurance company ("Colonial") alleging breach of contract, negligence, bad faith, and creation of a private nuisance. Colonial moved for a traditional and no-evidence summary judgment. The trial court granted its motion without specifying the grounds.

On appeal and appearing pro se, Wilson argues the trial court erred by granting summary judgment because a fact issue exists as to whether Colonial breached the insurance policy (1) by failing to timely pay benefits, (2) by improperly calculating the amount of damages owed under the policy, and (3) by refusing to provide coverage under the uninsured motorist/underinsured motorist (UM/UIM) provision. Wilson also argues fact issues exist as to his bad faith and negligence claims. Finally, he argues the trial court erred by denying his presence at the hearing

and refusing to rule on certain motions before granting summary judgment. We affirm the trial court's judgment.

## Background

According to Wilson's original petition, on June 24, 2012, he was driving on Scyene Road in Dallas when an object fell off of the car traveling in front of him. The object hit his car, causing property damage. He further alleged the impact of "hopp[ing] the curb" caused bodily injury to his lower back, neck, shoulders, and legs.

At the time of the incident, his insurance policy included uninsured motorist, underinsured motorist, comprehensive and collision coverage, rental reimbursement, and personal injury protection ("PIP"). Wilson alleged that despite giving Colonial the opportunity to honor his policy, the insurance company refused; therefore, he filed suit for breach of contract, negligence, bad faith, and private nuisance.[1]

After a reasonable time for discovery, Colonial filed a traditional and no-evidence motion for summary judgment. Attached to its motion, Colonial included a copy of the insurance policy, Wilson's first amended original petition, a recorded statement from Wilson, and a payment log.

Colonial argued it was entitled to judgment as a matter of law because it issued PIP payments in accordance with the policy's terms and Wilson was not entitled to UM/UIM benefits. Because it had not breached the contract, Colonial further argued Wilson could not prevail on his negligence or bad faith claims. In support of its no-evidence motion for summary judgment, Colonial argued there was no evidence it breached the insurance contract or caused injury. Without such evidence, Colonial again argued Wilson's negligence and bad faith claims likewise failed.

---

[1] In his brief, Wilson states he "waives and non-suits his private nuisance claim." Thus, we do not address this cause of action. TEX. R. APP. P. 47.1.

When Wilson attempted to respond to the motions for summary judgment, he was incarcerated on an unrelated matter. In his brief, he alleges he timely filed, per the mailbox rule, his objection and original answer and motion to quash Colonial's motions for summary judgment. However, the documents were returned to him "with various stickers indicating the package was over 13 ounces and a threat to security." He further alleges other "exhibits" he mailed later did make it to the court.

Colonial received the documents and attached exhibits the post office returned to Wilson. Colonial then filed objections to Wilson's response and summary judgment evidence. The trial court sustained Colonial's objections and entered summary judgment in its favor. This appeal followed.

### The Record

We begin our discussion by addressing the state of the record in this appeal. As acknowledged by Wilson, the trial court never received his answer to the summary judgment, which we interpret to mean his response, or his motion to quash. Although he argues the mailbox rule should apply, we do not agree.

Under Texas Rule of Civil Procedure 5, the mailbox rule only applies when a document "is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped . . . ." TEX. R. CIV. P. 5. Because Wilson's documents were returned to him for insufficient postage and labeled a security threat, the documents were not properly stamped in accordance with rule 5. As such, the mailbox rule was not triggered. *See Vaughn v. Garcia*, No. 04-08-00491-CV, 2009 WL 2045156, at*2 (Tex. App.—San Antonio July 15, 2009, pet. denied) (mem. op.) (concluding mailbox rule did not apply when petition was returned for insufficient postage). Furthermore, he admits the trial court never received the documents;

therefore, he cannot argue the mailbox rule somehow allows for the filing of documents the court never received.

Despite the motions and attached documents never being filed with the trial court, Wilson's original brief to this Court included citations to attached "exhibits" in support of his arguments. It is well-settled documents attached to an appellate brief that are not part of the record may not be considered by the appellate court. *Bailey v. Lakes of Preston Vineyards Homeowners Ass'n*, No. 05-13-00146-CV, 2015 WL 224941, at *1 (Tex. App.—Dallas Jan. 15, 2015, no pet.) (mem. op.). Further, an appendix is not a substitute for a clerk's record or reporter's record, nor are citations to the appendix a substitute for citations to the record. *Id.*

This Court sent Wilson a deficient brief notice in which he was informed his brief did not include, among other things, appropriate citations to the record per Texas Rule of Appellate Procedure 38.1(i). Wilson filed an amended brief; however, rather than citing to the clerk's record, he again cited to the exhibits attached to his original brief or to docket entries from the trial court, neither of which we may consider. With this background, we turn to Wilson's complaints.

### Merits of No-Evidence Summary Judgment

Wilson first argues the trial court erred by granting Colonial's motion for summary judgment. When a party files both a traditional and no-evidence motion for summary judgment and the order does not specify which motion was granted, as is the case here, we typically first review the propriety of the summary judgment under the no-evidence standard. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). No-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. *Id.* Under that standard, evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a

–4–

reasonable jury could not. *Id.* The nonmovant has the burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of his cause of action. TEX. R. APP. P. 166a(i).

Here, Colonial established through summary judgment evidence that it complied with the terms of the policy and paid Wilson accordingly. After Colonial alleged in its motion there was no evidence it breached the insurance policy or any alleged breach injured Wilson, the burden shifted to Wilson to bring forth competent summary judgment evidence creating a fact issue. This he failed to do.

Despite Wilson's arguments, the record indicates he failed to file a response with the trial court or provide any evidence supporting the breach of contract elements challenged by Colonial. Moreover, the only "evidence" he cites to this Court, as discussed above, cannot be considered. Accordingly, because Wilson failed to raise a fact issue on the breach of contract claim, Colonial was entitled to a no-evidence summary judgment on Wilson's breach of contract claim. *See, e.g., Eason v. Deutsche Bank Nat'l Trust*, No. 01-13-00426-CV, 2014 WL 6919900, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 2014, no pet.) (holding movant entitled to no-evidence summary judgment when nonmovant failed to file a response thereby not raising any fact issue).

Because the trial court properly granted Colonial's no-evidence motion for summary judgment on Wilson's breach of contract claim, Wilson's negligence and bad faith causes of action necessarily fail. A claim for breach of duty of good faith and negligence is separate from any claim for breach of the underlying insurance contract; however, the threshold for bad faith is reached only when the breach of contract is accompanied by an independent tort. *See Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 389 (Tex. App.—Houston [1st Dist. 2011, no pet.); *see also Southstar Corp. v. St. Paul Surplus Lines Ins. Co.*, 42 S.W.3d 187, 193–94 (Tex. App.—Corpus Christi 2001, no pet.) (concluding that because liability for negligence did not arise

independent of the insurance agreement, claims for negligence and gross negligence were barred as a matter of law). Here, because Wilson failed to establish a breach of the insurance contract, any inquiry into alleged bad faith and negligence is unnecessary. *Hudspeth*, 358 S.W.3d at 193–94; *Southstar Corp.*, 42 S.W.3d at 194. Thus, the trial court properly granted Colonial's no-evidence summary judgment on these claims. Having concluded the trial court properly granted the no-evidence summary judgment, we overrule Wilson's first and second issues.

## Presence at Hearing

In his third and fourth issues, Wilson argues the trial court erred by not allowing him to be present during a dispositive hearing and thereby denying him equal protection of the law. He argues the trial court should have granted his request to issue a bench warrant for his presence. We review the trial court's failure to rule on a bench warrant under an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003).

The law is settled an inmate does not have an absolute right to appear in person in every civil court proceeding. *Id.* at 165. However, an important factor in such a determination is whether denial of an appearance would foreclose a litigant's right to be heard at all. *Teague v. Holiday Inn Express*, No. 03-00-00519-CV, 2001 WL 391551, at *2 (Tex. App.—Austin Apr. 19, 2001, pet. denied). Further, it is the inmate's burden to show why his presence at a hearing is warranted. *In re A.W.*, 302 S.W.3d 925, 929 (Tex. App.—Dallas 2010, no pet.).

Wilson's presence was unnecessary at the summary judgment hearing. Rule 166a(c) states that "no oral testimony is to be received" at such a hearing. TEX. R. CIV. P. 166a(c). In fact, "[S]ince all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment." *Lake v.*

*McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.). Further, as noted above, Wilson failed to file a response to the motion for summary judgment and filing such a response would have been an effective means of full participation without making a personal appearance. *Teague*, 2001 WL 3915551, at *2. Accordingly, the trial court did not abuse its discretion, or deny Wilson of equal protection, by not ruling on, or granting, his motion to appear by bench warrant. We overrule Wilson's third and fourth issues.

### Failure to Conduct Mediation or Follow Scheduling Orders

In his final issue, Wilson argues the trial court erred by not conducting court-ordered mediation or scheduling the summary judgment hearing within the deadlines of the scheduling order. Colonial responds these issues are not preserved for review. We agree.

Texas Rule of Appellate Procedure 33.1(a)(1) requires a party to make a timely objection to the trial court to preserve a complaint for appellate review. TEX. R. APP. P. 33.1.; *see also Bushnell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). The record contains no such objection, request, or motion by Wilson regarding the mediation or summary judgment hearing.

We recognize that Wilson is appearing pro se; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id*. Because Wilson failed to preserve his issue for review, it is overruled.

**Conclusion**

Having overruled Wilson's issues, the judgment of the trial court is affirmed.


140220F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUETH WILSON, Appellant

No. 05-14-00220-CV     V.

COLONIAL COUNTY MUTUAL
INSURANCE COMPANY, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-14112.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee COLONIAL COUNTY MUTUAL INSURANCE COMPANY recover its costs of this appeal from appellant MARQUETH WILSON.

Judgment entered April 27, 2015.