

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00173-CV

———————————————

BUJAR METALIAJ, Appellant

V.

CRUSHED ICE, INC., Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-342183-23

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Bujar Metaliaj attempts a restricted appeal of a final summary judgment in favor of Appellee Crushed Ice, Inc. Because we lack jurisdiction over this attempted appeal, we dismiss it.

## I. Procedural Facts

In May 2023, Crushed Ice sued Metaliaj alleging breach of contract and other causes of action. Crushed Ice subsequently filed a motion for partial summary judgment, which the trial court set for a hearing. Metaliaj responded to the motion; according to the district clerk's file stamp, he filed his response approximately one hour before the hearing on the motion. Following the hearing, the trial court granted summary judgment in favor of Crushed Ice on its breach of contract claim and nonsuited with prejudice its remaining claims against Metaliaj. The trial court signed the final judgment on October 19, 2023. Metaliaj then timely filed a motion for new trial.[1]

On April 17, 2024, Metaliaj filed "Defendant's Notice of Restricted Appeal." For purposes of a restricted appeal, Metaliaj's notice of appeal was timely because it was filed within six months after the October 19, 2023 judgment was signed. *See* Tex. R. App. P. 26.1(c). However, the notice of appeal did not contain all the information

---

[1]A motion for new trial must be filed within thirty days after the trial court signs the judgment. Tex. R. Civ. P. 329b(a). Here, Metaliaj filed his motion for new trial on Monday, November 20, 2023. *See* Tex. R. Civ. P. 4 (extending deadline "until the end of the next day which [wa]s not a Saturday, Sunday, or legal holiday").

required for a notice of restricted appeal. *See* Tex. R. App. P. 25.1(d)(7) (listing required contents of notice in restricted appeal). For purposes of a direct appeal, then, Metaliaj's notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a)(1) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion for new trial[.]"). Specifically, the notice of direct appeal was due January 17, 2024. *See id.*

We sent Metaliaj a letter expressing our concern that this court may not have jurisdiction over this appeal because the notice of appeal was not timely filed. *See id.* We warned him that this appeal could be dismissed unless he filed a response showing grounds for continuing the appeal. We have received responsive letters from both Metaliaj and Crushed Ice.

In Metaliaj's letter, he requests that this court "consider his restricted appeal in the interest[] of justice." He asserts that his motion for new trial was overruled by operation of law and argues that because there was no order entered on the motion, "it does not necessarily qualify as a 'deadline-extending document' that would set the deadline to [ninety] days." Alternatively, he argues that if the ninety-day deadline were applicable, he could still seek relief beyond that deadline through a restricted appeal under Texas Rules of Appellate Procedure 26.1(c) and 30. He then cites Rule 30's requirements for a restricted appeal and asserts that he satisfies them because, at the summary judgment hearing, "neither [he] nor [his] counsel were permitted to have

their responses, argument, or evidence considered due to the trial court's exercise of discretion to exclude."

In response to Metaliaj's letter, Crushed Ice contends that this court does not have jurisdiction over this appeal. Crushed Ice argues that Metaliaj cannot establish that he is entitled to a restricted appeal because he participated in the summary judgment hearing and, as Metaliaj admits, he timely filed a motion for new trial—a postjudgment motion. *See* Tex. R. App. P. 30 ("A party who did not participate . . . in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion . . . may file a notice of appeal within the time permitted by Rule 26.1(c)."). It also argues that the trial court's exclusion of arguments or evidence does not negate Metaliaj's appearance at the hearing and that his assertion to the contrary is misleading.

## II. Analysis

A restricted appeal is a direct attack on the trial court's judgment. *See Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991). To attack a judgment by restricted appeal, (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal; and (5) the complained-of error that shows the invalidity of the judgment is apparent on the face of the record. *Aero at Sp. Z.O.O. v. Gartman*, 469

4

S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). The first four requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020); *Aero at Sp. Z.O.O.*, 469 S.W.3d at 315.

Metaliaj failed to satisfy two of the jurisdictional requirements for a restricted appeal. When, as here, a party timely files a postjudgment motion, a restricted appeal is not available. Tex. R. App. P. 30; *Aero at Sp. Z.O.O.*, 469 S.W.3d at 315. And contrary to Metaliaj's argument in his letter, this is true regardless of whether the motion was denied by order or was overruled by operation of law. *See In re Estate of Head*, 165 S.W.3d 897, 902–03 (Tex. App.—Texarkana 2005, no pet.) (timely filed motion to reconsider summary judgment, which was later overruled by operation of law, precluded restricted appeal); *Chartway Fed. Credit Union v. Gleason*, No. 01-03-00286-CV, 2003 WL 21299978, at *1 (Tex. App.—Houston [1st Dist.] June 5, 2003, no pet.) (per curiam) (mem. op.) (dismissing restricted appeal for want of jurisdiction because appellant timely filed postjudgment motion that was ultimately overruled by operation of law). Here, because Metaliaj timely filed a postjudgment motion—his motion for new trial—he is not entitled to a restricted appeal.

Metaliaj's participation in the trial court also precludes a restricted appeal. A restricted appeal is not available if a party either filed a response to a summary judgment motion or appeared at the hearing on the motion. *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.); *Stiver v. Tex. Instruments, Inc.*, 615

5

S.W.2d 839, 842 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *see Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) ("[T]he question is whether the appellant has participated in the 'decision-making event' that results in [the] judgment . . . ."). Thus, even if the trial court did not consider Metaliaj's response or permit him to argue at the hearing, the participation element would still be met, and he would not be entitled to a restricted appeal. *See Lake*, 188 S.W.3d at 387 ("Appellant has not cited, nor have we found, any Texas case requiring the trial court to consider the response to the motion for summary judgment for the participation element to be met."); *El Periodico, Inc. v. Parks Oil Co.*, 923 S.W.2d 33, 34 (Tex. App.—Austin 1995) (per curiam) (concluding participation element met where appellant filed response to summary judgment motion but did not participate in hearing), *rev'd on other grounds*, 917 S.W.2d 777 (Tex. 1996).[2] Because Metaliaj participated in the hearing that resulted in the judgment complained of, he is not entitled to a restricted appeal.

A restricted appeal is not available to Metaliaj because he cannot establish two of the jurisdictional requirements. *See* Tex. R. App. P. 30; *E.H.*, 602 S.W.3d at 497; *Texaco, Inc.*, 925 S.W.2d at 589; *Aero at Sp. Z.O.O.*, 469 S.W.3d at 315. Accordingly, we lack jurisdiction over this attempted restricted appeal.

---

[2]Moreover, Metaliaj does not actually assert that he did not appear at the hearing or otherwise deny participation, and according to Crushed Ice, Metaliaj's counsel appeared on his behalf and argued that the trial court should deny summary judgment.

### III. Conclusion

Having determined that we lack jurisdiction over this attempted appeal, we dismiss it.

Per Curiam

Delivered: June 6, 2024